IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,946-01




EX PARTE LOUIS DUANE JENKINS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W7874-1 IN THE 355TH DISTRICT COURT
FROM HOOD COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twenty years’ imprisonment. The Second Court of Appeals
affirmed the conviction in an unpublished opinion. Jenkins v. State, No. 02-00-00433-CR
(Tex.App.—Fort Worth Aug. 9, 2001).
            Applicant contends that he is actually innocent of the offense based on the recantation of the
complainant. We believe that in recantation cases such as this one, before we make the important
decision of whether Applicant is entitled to relief, the record should be more fully developed. The
trial court shall therefore conduct a live evidentiary hearing on the matter at which the complainant
shall be called to testify. Notice of the hearing and an opportunity to testify shall be given to those
persons who participated in the trial or the investigation, including: Debra K. Jimenez, Carol Diane
Ballestro Hessbrook, Renee Leslie Thompson, Dr. Ann Sims, Tammy Jenkins, Michelle Davis, Dr.
Gelzer, and Richard Hattox. The complainant’s recantation relates to statements she made on a
videotape when she was a child. The trial court shall make findings of fact as to whether the
recantation affects her initial outcry. The trial court shall make further findings of fact regarding
whether there was a child-custody dispute, whether Debra Jimenez coached the child to lie, and if
so, when such coaching occurred. The trial court shall make further findings of fact regarding
whether the child complainant made false allegations on the videotape and, if so, whether the State
relied on that false evidence at trial. The trial court shall make further findings of fact regarding the
circumstances surrounding the complainant’s recantation, including the delay between the trial and
the recantation. The trial court shall specifically weigh the evidence of Applicant’s guilt, including
all of the testimony at trial and the videotape of the child, against the new evidence of innocence. 
See Ex parte Tuley, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings
of fact as to the credibility of the witnesses. 
            It appears that Applicant is represented by habeas counsel. If habeas counsel does not
continue to represent Applicant, however, the trial court, within 30 days of the date of this order,
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the evidentiary hearing. 
Tex. Code Crim. Proc. art. 26.04. 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing the
transcription of the court reporter’s notes from the live evidentiary hearing and a copy of the exhibits
admitted, along with the trial court’s supplemental findings of fact and conclusions of law and a copy
of the trial record, including the clerk’s record and a transcription of the reporter’s record of the trial,
shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time
shall be obtained from this Court.

Delivered: October 9, 2013
Do not publish